

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION – CIVIL ACTIONS BRANCH**
**500 INDIANA AVENUE NW, Room 5000**
**WASHINGTON, DC 20001**

**Date:**   **08/16/2023**

The Honorable Angela Caesar, Clerk
United States District Court for the District of Columbia
3rd and Constitution Avenue, Washington, D.C. 20001

**In Re:**                          **Mischa Smith v. No Labels**

**Civil Action Number:   2023-CAB-003887**

**U.S. District Number:   1:23-cv-02256**

Dear Ms. Angela Caesar:

    Transmitted herewith are all of the pleadings filed in the above captioned case pursuant to a Petition for Removal Filed in the District of Columbia Superior Court on **08/04/2023** . A certified copy of the docket entries is also enclosed.

    Please acknowledge receipt of our file on a duplicate copy of this letter, and return it to this Court.

               Sincerely,

               Joy Jefferson, Branch Chief
               Civil Actions Branch

**Completed By:** Antonia Taylor

CASE SUMMARY

# CASE SUMMARY
### CASE NO. 2023-CAB-003887

| | | |
|---|---|---|
| Mischa Smith v. No Labels | §<br>§<br>§<br>§<br>§ | Location: **Civil Actions**<br>Judicial Officer: **Williams, Yvonne**<br>Filed on: **06/29/2023**<br>U.S. District Court Case Number: **1:23-cv-02256** |

---

### CASE INFORMATION

**Statistical Closures**
08/15/2023    Notice of Removal to USDC

Case Type: **Employment Dispute**
Subtype: **Discrimination**

Case Status: **08/15/2023    Closed**

---

| DATE | CASE ASSIGNMENT |
|---|---|

**Current Case Assignment**
Case Number            2023-CAB-003887
Court                        Civil Actions
Date Assigned          06/29/2023
Judicial Officer        Williams, Yvonne

A TRUE TEST COPY

Clerk, Superior Court of
the District of Columbia

By:    A.Taylor
        **Deputy Clerk**

Date:    August 16, 2023

---

### PARTY INFORMATION

| | | Attorneys |
|---|---|---|
| Plaintiff | Smith, Mischa | Favors, Reshad<br>*Retained*<br>202-508-8249(W) |
| Defendant | No Labels | Ossi, Gregory J<br>*Retained*<br>202-230-5393(W) |

---

| DATE | EVENTS & ORDERS OF THE COURT |
|---|---|

## EVENTS

| | |
|---|---|
| 08/15/2023 | Case Closed. Notice of Removal. Notices Mailed |
| 08/15/2023 | Notice of Removal Processed and Forwarded to USDC |
| 08/04/2023 | Notice of Removal to US District Court<br>*NOTICE OF FILING OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT*<br>Docketed on: 08/07/2023<br>Party:  Defendant  No Labels |
| 07/28/2023 | Rule 7.1 Disclosure Statement Filed<br>Docketed on: 08/01/2023<br>Filed by:  Primary Attorney  Ossi, Gregory J;  Defendant  No Labels |
| 07/28/2023 | Notice to Court (Praecipe) to Enter Appearance Filed<br>Docketed On: 08/01/2023<br>Filed By:  Defendant  No Labels |
| 07/28/2023 | Answer to Complaint<br>Docketed On: 08/01/2023<br>Filed By:  Defendant  No Labels |
| 07/21/2023 | Affidavit/Declaration of Service of Summons and Complaint<br>*Serve to Liz Morrison*<br>Docketed On: 07/24/2023 |

# CASE SUMMARY

### CASE NO. 2023-CAB-003887

|  |  |
|---|---|
| | Filed By:  Plaintiff  Smith, Mischa<br>Served On:  Defendant  No Labels |
| 07/14/2023 | Affidavit/Declaration of Service of Summons and Complaint<br>Docketed On: 07/17/2023<br>Filed By:  Plaintiff  Smith, Mischa<br>Served On:  Defendant  No Labels |
| 07/03/2023 | Notice |
| 06/30/2023 | Initial Summons Requested as to<br>*No Labels*<br>Party:  Plaintiff  Smith, Mischa |
| 06/30/2023 | Notice |
| 06/30/2023 | Initial Order [Remote] (Judicial Officer: Williams, Yvonne ) |
| 06/29/2023 | Complaint Filed<br>*No summons and information sheet attached*<br>Docketed on: 06/30/2023<br>Filed by:  Primary Attorney  Favors, Reshad;  Plaintiff  Smith, Mischa |

## HEARINGS

| | |
|---|---|
| 09/29/2023 | *CANCELED*  **Remote Initial Scheduling Conference** (9:30 AM)  (Judicial Officer: Williams, Yvonne ;Location: Courtroom 212)<br>*Vacated* |

| DATE | FINANCIAL INFORMATION |
|---|---|

|  |  |
|---|---|
| **Plaintiff**  Smith, Mischa | |
| Total Charges | 120.00 |
| Total Payments and Credits | 120.00 |
| **Balance Due as of  08/16/2023** | **0.00** |

eFiled
08/04/2023 2:06:32 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | | |
|---|---|---|
| MISCHA SMITH | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2023-CAB-003887 |
| | ) | |
| v. | ) | Judge Yvonne M. Williams |
| | ) | |
| NO LABELS | ) | Next Court Date: Remote Initial Scheduling |
| | ) | Conference, September 29, 2023 |
| Defendant. | ) | |
| | ) | |

**NOTICE OF FILING OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**

TO:   Clerk of the Superior Court for the District of Columbia

Reshad Favors, Esq.
Burns Sheppard Favors, PLLC
80 M Street SE, Suite 100
Washington, DC 20005

PLEASE TAKE NOTICE that on August 4, 2023, Defendant, NO LABELS filed with the Clerk of the United States District Court for the District of Columbia, its Notice of Removal, a true copy of which is attached as Exhibit A and hereby served upon you.

Dated: August 4, 2023

Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

ATTORNEY FOR DEFENDANT

Exhibit A

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MISCHA SMITH | ) | |
| | ) | |
| 5279 Water Dripper Rd. | ) | Case No.: 1:23-cv-2256 |
| Colorado Springs, CO 80911 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NO LABELS | ) | |
| | ) | |
| 1130 Connecticut Ave. NW, Suite 325 | ) | |
| Washington, DC 20036 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant No Labels hereby removes the

matter captioned *Mischa Smith v. No Labels,* Case No: 2023-CAB-003887, filed in the Superior

Court for the District of Columbia on July 3, 2023 (hereinafter referred to as "the State Court

Action") to the United States District Court District of Columbia. The grounds for removal are set

forth below.

### PROCEDURAL BACKGROUND

1.      On July 3, 2023, Plaintiff Mischa Smith ("Plaintiff") filed the Complaint against

No Labels in the Superior Court of the District of Columbia, alleging violations of D.C. Human

Rights Act, of 1977. The Complaint is centered on No Labels allegedly discriminating against

Plaintiff based on race and retaliating against Plaintiff based on her alleged complaints. *See*

*generally* Complaint.

2.      On July 10, 2023, No Labels was served with the summons and Complaint filed in the State Court Action.  No Labels' removal of the State Court Action is timely because it is within 30 days of service of the Summons and Complaint.  *See* 28 U.S.C. § 1446(b)(1); *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).

3.      No Labels will promptly provide written notice of the removal of the State Court Action to Plaintiff and file a copy of this Notice of Removal with the Clerk for the Superior Court of the District of Columbia, Civil Division.  *See* 28 U.S.C. § 1446(d).

4.      In addition, a true and correct copy of all process, pleadings, and orders served upon No Labels in the State Court Action are attached hereto as Exhibit A.  *See* 28 U.S.C. § 1446(a).

## THIS COURT HAS COMPLETE DIVERSITY JURISDICTION

5.      Removal is proper on the basis of complete diversity jurisdiction under 28 U.S.C. § 1332(a)(1).

6.      Plaintiff is a citizen of Colorado.  *See* Compl. ¶ 2.

7.      No Labels is a not-for-profit corporation operating in Washington D.C.  *Id.* ¶ 4. Accordingly, No Labels is a citizen of Washington D.C.  *See* 28 U.S.C. § 1332(c)(1).

8.      Therefore, this action is between citizens of different states under 28 U.S.C. § 1332(a)(1).

9.      Further, the amount in controversy exceeds $75,000.  Plaintiff alleges she is owed compensatory damages for lost wages, pain and suffering, and loss of health insurance coverage in excess of $10,000.00. Compl. ¶ 64. Plaintiff alleges she is owed full back pay and benefits.  *Id.* ¶ 65.  She further alleges she is owed punitive damages, attorney's fees and costs, and pre- and post-judgement interest.  *Id.* ¶¶ 65-68.

10.     The sum of these items is likely to exceed $75,000.00.

11.     Accordingly, this Court has complete diversity jurisdiction pursuant to 28 U.S.C.

§ 1332(a)(1).

## **VENUE IS PROPER HERE**

12.     Removal to this district and division is proper because the Superior Court of the

District of Columbia is located within the United States District Court District of Columbia federal

court. *See* 28 U.S.C. §§ 1441(a), 1446(a).

13.     No Labels reserves the right to amend or supplement this Notice of Removal.

14.     No Labels submits this Notice of Removal without waiving any defenses to the

claims asserted by Plaintiff or conceding that Plaintiff pled claims upon which relief can be

granted.


Dated: August 4, 2023                          Respectfully submitted,

                                               */s/ Gregory J. Ossi*
                                               Gregory J. Ossi (D.C. Bar No. 460243)
                                               Nickolas I. Merrill (D.C. Bar No. 1781099)
                                               gregory.ossi@faegredrinker.com
                                               nickolas.merrill@faegredrinker.com
                                               FAEGRE DRINKER BIDDLE & REATH LLP
                                               1500 K Street, N.W., Ste. 1100
                                               Washington, DC 20005
                                               Telephone: (202) 230-5393
                                               Facsimile: (202) 842-8465

                                               ATTORNEY FOR DEFENDANT

3

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court, which will send notification of such filing to all counsel of record and via email to Plaintiff's counsel:

> Reshad D. Favors
> Burns Sheppard Favors, PLLC
> 80 M Street, S.E., Suit 100
> Washington, DC 20005
> Reshad@bsflegal.com

/s/ *Gregory J. Ossi*
Gregory J. Ossi

4

## CIVIL COVER SHEET

JS-44 (Rev. 11/2020 DC)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Mischa Smith | No Labels |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888 (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001 (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| Reshad Favors, Burns Sheppard Favors, PLLC, 80 M Street, S.E., Suite 100 Washington, DC 20005 (202) 508-8249 | Gregory J. Ossi, Faegre Drinker Biddle & Reath LLP, 1500 K Street, N.W., Suite 1100, Washington, DC 20005, (202) 230-5393 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ● 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ● 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/ Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act

**Social Security**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))
**Other Statutes**
☐ 891 Agricultural Acts
☐ 893 Environmental Matters
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 27 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Conditions
☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 835 Patent – Abbreviated New Drug Application
☐ 840 Trademark
☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 690 Other

**Other Statutes**
☐ 375 False Claims Act
☐ 376 Qui Tam (31 USC 3729(a))
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc
☐ 460 Deportation
☐ 462 Naturalization Application

☐ 465 Other Immigration Actions
☐ 470 Racketeer Influenced & Corrupt Organization
☐ 480 Consumer Credit
☐ 485 Telephone Consumer Protection Act (TCPA)
☐ 490 Cable/Satellite TV
☐ 850 Securities/Commodities/ Exchange
☐ 896 Arbitration
☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

| ○ G. Habeas Corpus/ 2255 | ◉ H. Employment Discrimination | ○ I. FOIA/Privacy Act | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ☒ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

○ 1 Original Proceeding    ◉ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi-district Litigation    ○ 7 Appeal to District Judge from Mag. Judge    ○ 8 Multi-district Litigation – Direct File

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. §§ 1332, 1441, 1446, diversity jurisdiction based on D.C. Human Rights Act of 1977 violations.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|

| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |
|---|---|---|---|

| DATE: ___August 4, 2023___ | SIGNATURE OF ATTORNEY OF RECORD   /s/ Greg J. Ossi |
|---|---|

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
**Authority for Civil Cover Sheet**

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI.   CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MISCHA SMITH | ) | |
| | ) | |
| | ) | Case No.: 1:23-cv-2256 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NO LABELS | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## NOTICE OF APPEARANCE

**PLEASE TAKE NOTICE THAT** Gregory J. Ossi, an attorney at Faegre Drinker Biddle

& Reath LLP and a member of the bar of the United States District Court for the District of

Columbia, hereby enters his appearance as counsel on behalf of Defendant No Labels, and further

requests that copies of all papers in this action be served upon him.


Dated:  August 4, 2023                    Respectfully submitted,

                                          _/s/ Gregory J. Ossi_____
                                          Gregory J. Ossi (D.C. Bar No. 460243)
                                          FAEGRE DRINKER BIDDLE & REATH LLP
                                          1500 K Street N.W., Suite 1100
                                          Washington, D.C.  20005-1209
                                          Telephone:  (202) 842-8800
                                          Facsimile:  (202) 842-8465
                                          gregory.ossi@faegredrinker.com

                                          _Counsel for Defendant No Labels_

1

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 4, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court, which will send notification of such filing to all counsel of record and via email to Plaintiff's counsel:

Reshad D. Favors
Burns Sheppard Favors, PLLC
80 M Street, S.E., Suit 100
Washington, DC 20005
Reshad@bsflegal.com


_/s/ Gregory J. Ossi_ _____
Gregory J. Ossi

# EXHIBIT A

CIVIL DIVISION
Civil Actions Branch
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
Telephone: (202) 879-1133 Website: www.dccourts.gov

**Mischa Smith**
_____
                                           Plaintiff

                    vs.

                                                    Case Number   2023- CAB- 003887
**No Labels**
_____
                                           Defendant

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Reshad D. Favors, Esq.**                          _Clerk of the Court_
_____
Name of Plaintiff's Attorney

**80 M Street S.E., Suite 100**                     By _____
_____
Address                                                 Deputy Clerk
Washington, DC 20003

**(202) 508-8249**                                  Date         **July 3, 2023**
_____
Telephone
如需翻译,请打电话 (202) 879-4828          Veuillez appeler au (202) 879-4828 pour une traduction          Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828로 건의하주십시오.          የአማርኛ ትርጉም ለማግኘት (202) 879-4828   ይደውሉ

    IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                      Super. Ct. Civ. R. 4





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
Sección de Acciones Civiles
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Mischa Smith
_____
                                    Demandante

            contra

Número de Caso: _____

No Labels
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Reshad D. Favors, Esq.
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

80 M Street S.E., Suite 100
_____          Por: _____
Dirección                                              Subsecretario
Washington, DC 20003
_____

(202) 508-8249
_____          Fecha _____
Teléfono

如需翻譯,请打电话 (202) 879-4828     Veuillez appeler au (202) 879-4828 pour une traduction     Để có một bài dịch, hãy gọi (202) 879-4828

[Korean text] (202)879-4828 [Amharic text]     [Amharic text] (202) 879-4828 [Amharic text]

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO.*

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés.
See reverse side for English original

CV-3110 [Rev. June 2017]                                                    Super. Ct. Civ. R. 4

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| MISCHA SMITH<br>5279 Water Dipper Rd.,<br>Colorado Springs, CO 80911<br>**Plaintiff,**<br><br>**v.**<br><br>NO LABELS<br>1130 Connecticut Ave. NW, Suite 325<br>Washington, DC 20036<br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2023-CAB-003887<br><br>**Case No.:** _____<br>**Jury Requested** |

### COMPLAINT

**COMES NOW**, Plaintiff MISCHA SMITH (hereinafter "Plaintiff"), by and through her undersigned counsel, and files this, her Complaint against Defendant, NO LABELS (hereinafter "Defendant"), and says:

### BACKGROUND

1. Jurisdiction of this Court is proper pursuant to D.C. Code §§ 11-921 (Civil Jurisdiction) & 13-423.

2. At all times material hereto, the Plaintiff, MISCHA SMITH, was and is a resident of COLORADO.

3. Plaintiff is a black female.

4. At all times material hereto, the Defendant, NO LABELS, was and is a not-for-profit corporation operating in WASHINGTON DC.

5. Defendant is an employer within the meaning of the Human Rights Act, D.C. Code 2-1401.02(10).

1

6.    The factual allegations occurred in the District of Columbia.

## JURISDICTION AND VENUE

7.    Pursuant to the Human Rights Act, D.C. Code§ 2-1403.16, this Court has subject matter jurisdiction over this civil action because this action is being brought within the one-year tolled statute of limitations period set out in the Human Rights Act.

8.    Pursuant to D.C. Code§ 11-921, this Court has subject matter jurisdiction over this civil action because all claims are based on violations of the laws of the District of Columbia.

9.    Pursuant to D.C. Code§ 13-423, this Court has personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

10.   Venue is appropriate because Defendant's place of business is in the District of Columbia, Plaintiff worked in the District of Columbia, and Defendant's actions occurred in the District of Columbia.

## ADMINISTRATIVE TOLLING

11.   On February 6, 2023, Plaintiff filed a charge of discrimination with the D.C. Office of Human Rights.

12.   On June 23, 2023, the D.C. Office of Human Rights ("OHR") provided Plaintiff a Notice of Right to Sue.

13.   Plaintiff's claims under the Human Rights Act have been tolled during the pendency of her charge with the D.C. OHR.

## FACTUAL ALLEGATIONS

14.   Since August 16, 2022, Plaintiff had been employed by Defendant. She was hired as an Outreach Manager.

2

15. Plaintiff's duties included, but were not limited to, the following: managing all citizen calls and confirmations, developing and controlling the citizen leader pipeline, and setting/managing weekly staff meetings on the 2024 project.

16. Throughout her employment with Defendant, Plaintiff consistently performed her duties at a satisfactory level, often going above and beyond of her regular responsibilities when opportunities to assist departments and increase employee morale presented themselves.

17. Upon beginning her employment, Plaintiff requested an accommodation to work remotely, which Defendant granted.

18. In December 2021, Plaintiff ran for local office in her community and reached out to Defendant for its approval. In response, Defendant revoked Plaintiff's fundraising capabilities, moved her to digital team and requested that she become a contract employee, citing alleged intellectual property concerns.

19. On June 28, 2022, following the conclusion of her local primary election, Plaintiff contacted Defendant's head of Human Resources ("HR"), Sarah Vielot ("Vielot"), to request consideration for full-time reinstatement. However, Vielot explained that Defendant found it preferable to keep Plaintiff as a contractor.

20. Around June 15, 2022, Plaintiff found herself being chastised by Cynthia Drew ("Drew"), Vice President, for missing metrics due to her attendance at a family funeral. Despite this, Plaintiff had already previously explained that at her contract capacity and bereavement, she was doing the best she could and was meeting her metrics.

3

21. On August 11, 2022, Plaintiff was asked to find diversity, explicitly Black people, to work for Defendant by CEO, Nancy Jacobson ("Jacobson"). Jacobson did not ask any other similarly situated white employees to complete this task.

22. In the week of August 12, 2022, Plaintiff was approached her Megan Shannon ("Shannon") and Violot about Plaintiff taking over the role of Drew, who had decided to depart the team.

23. Plaintiff was nervous about this opportunity due to Defendant's habit of hiring and quickly firing other staffers when they were unable to meet the new, often unattainable standards. Accordingly, Plaintiff requested a pay increase and tangible metrics/expectations before she would discuss the matter further, as she did not want to become another casualty of the company. Violot stated that she could not offer that to Plaintiff.

24. The following Monday, August 19, Jacobson said in one month's time, she and Plaintiff would revisit the position, Plaintiff's duties, and her salary, and that in the event that this did not work for either Plaintiff or Defendant, she would even give Plaintiff a month to make an easier transition. Following that conversation, Plaintiff agreed to try the new position.

25. Upon beginning to work in her new position, Plaintiff found that the work began to seem insurmountable nearly immediately. Every person assigned to train her pushed work on her plate with little to no instruction. As she fought to keep up with the work, more was piled on.

26. Defendant requested that Plaintiff begin to track her time, however during her first week she was unable to do so because Defendant did not grant her access. Plaintiff worked no less than 50 hours per week during every week in which she had the position.

4

27. On September 7, 2022, Shannon asked Plaintiff if she would be interested in attending the Forward Party's convention in Houston Texas on 9/24/22. Plaintiff reluctantly agreed after taking some time to think, as she knew that her refusal would not be taken lightly.

28. On September 12, Sam Brooks ("Brooks") asked for a meeting with Plaintiff to discuss the convention in Houston and essentially handed the project over to her. At the meeting, Plaintiff was asked to do the following: 1) organize the volunteers that would be attending; 2) send email invites to a list of around 9,000 individuals requesting their attendance at the after party; and 3) coordinate a cookie order from Dog Tag Bakery to arrive at the hotel which would be bought to the venue by her other coworkers.

29. On September 15, 2022, Plaintiff was instructed to get volunteer help for Rep. Jared Golden via Defendant's online supporters list. It was explained that due to Defendant's non-profit 501C(4) status, it could not keep lists for the campaign, but needed to send a mass email out, collect the names, and one at a time forward these names to the campaign. By virtue of what was being asked for, Defendant would be breaking the law by collecting the names and "having a list".

30. On September 19, 2022, Plaintiff began getting calls from Liz Morrison ("Morrison") requesting receipts for her work, as she expressed some distrust as to whether Plaintiff was indeed doing the work. Plaintiff sent receipts to Morrison and coordinated to get all items caught up.

31. On September 22, 2022, Plaintiff received a request for a meeting with Shannon and Morrison, during which both expressed that they were not pleased with her email

responses taking up to 24 hours, her inability to be attend all meetings, and concern at Plaintiff seeming overwhelmed.

32. Plaintiff, in response to Shannon and Morrison's concerns, explained that she was overwhelmed as a result of the entire citizen program being placed upon her. She expressed that she was distressed due to working over 50 hours per week, was concerned about the legality of coordinating with the Golden campaign, was upset that she, the only Black female on staff (one of two in the entire organization), was tasked with recruitment of minorities, and Defendant's refusal to pay her for these additional tasks.

33. During her September 22, 2022 meeting with Shannon and Morrison, Plaintiff complained about race discrimination by stating that she felt that she was being treated differently than her similarly situated coworkers who were not black.

34. On September 24, 2022, Plaintiff arrived in Houston, Texas, and was immediately asked for her estimated time of arrival by Brooks, as well as where the cookies were. When Plaintiff told Brooks that the cookies were sent to the hotel, as the two had already discussed, Brooks began gaslighting her, stating that this had not been discussed and that she would need to acquire the cookies before she was "welcome" at the event.

35. Plaintiff got the cookies and arrived at the venue – which was 8 minutes away – and Brooks continued to make jokes at Plaintiff's expense, while Holly Page ("Page") chastised Plaintiff, telling her to get to work, while the rest of Plaintiff's white coworkers sat at the table.

36. Plaintiff joined her team at the reception, where she continued to be given menial work that the other white coworkers were not.

6

37. On September 26, 2022, Plaintiff was sent a Teams Message from Veilot requesting to meet with Plaintiff at the end of the day with Morrison. However, Veilot ended up calling Plaintiff and looping in Morrison.

38. Morrison immediately asserted that Plaintiff was "lucky" that Defendant had worked with Plaintiff's accommodations at the start of her time with them, but that her contract would be terminated that day.

## COUNT ONE
### (Race Discrimination)

39. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 38 above, as if fully set forth herein.

40. Throughout her employment, Plaintiff possessed the skills and background necessary to perform the duties of her position. As such, Plaintiff was qualified for her position.

41. During her employment, Defendant, through its employees and/or agents, treated Plaintiff differently and less favorably from similarly situated employees of a different race. The disparate treatment of Plaintiff included, but was not limited to, the following: giving Plaintiff menial work while the rest of her white coworkers sat at the table; tasking Plaintiff, one of Defendant's only black employees, with the recruitment of minorities; terminating Plaintiff's employment.

42. The discriminatory actions of Defendant, when considered individually or collectively, constitute an adverse employment action for purposes of the DC Human Rights Act of 1977. More specifically, the actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Plaintiff's employment, and/or

adversely affected Plaintiff's status as an employee. Accordingly, the aforementioned disparate treatment constitutes an adverse employment action within the meaning of the DC Human Rights Act of 1977.

43. The adverse employment actions were taken because of Plaintiff's race. In particular, Plaintiff's race played a motivating factor in the adverse employment actions.

44. In subjecting Plaintiff to adverse employment action on the basis of her race, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

45. As proximate result of the aforementioned intentional discriminatory acts committed by Defendant, by and through its agents and/or employees, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury; and costs, including attorney's fees, in pursuing redress for the deprivation of her civil rights.

46. The aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, gives rise of a cause of action under the DC Human Rights Act of 1977. More specifically, the DC Human Rights Act of 1977 forbids discrimination against any employee on the basis of that employee's race with respect to the compensation, terms, conditions, or privileges of that employee's employment.

47. Defendant's actions have exposed it to liability under the DC Human Rights Act (DCHRA) of 1977 for discrimination.

48. Defendant is liable for the actions of its managers and supervisors.

## COUNT TWO

8

(Retaliation)

49. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 38 above, as if fully set forth herein.

50. The DC Human Rights Act (DCHRA) of 1977 prohibits employers, such as Defendant, from taking adverse employment action against its employees in retaliation for their engagement in statutorily protected activity under the DCHRA.

51. As an employee of Defendant, Plaintiff was protected against retaliatory adverse employment action for engaging in statutorily protected activity under the DCHRA. More specifically, Plaintiff was protected against retaliatory adverse employment action for requesting opposing discrimination to her employer. Additionally, Plaintiff was protected against retaliation in employment decisions for opposing discrimination in her workplace.

52. Plaintiff engaged in protected activity by complaining about the way she was being treated by her employer. More specifically, Plaintiff engaged in protected activity by complaining to Shannon and Morrison on September 22, 2022 about Defendant's discriminatory treatment of her.

53. In opposing discrimination, Plaintiff sought to defend her civil rights to be free from discriminatory treatment in the workplace. As such, Plaintiff engaged in statutorily protected activity within the meaning of The DC Human Rights Act (DCHRA).

54. In response to Plaintiff's statutorily protected activity, Defendant, through its employees and/or agents, adopted a pattern of subjecting Plaintiff to a series of retaliatory employment actions, including, but not limited to, the following: terminating Plaintiff's employment.

9

55.   These reprisals were a materially adverse employment action in that such actions, whether considered individually or collectively, constituted an ultimate employment decision, altered the terms, conditions, or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status as an employee. Further, Defendant's retaliatory acts were reasonably likely to deter employees from engaging in statutorily protected activity. Accordingly, Defendant's retaliatory acts constitute adverse employment action for the purposes of the DCHRA.

56.   Defendant, by and through its employees and/or agents, were aware of Plaintiff's statutorily protected activity when it subjected her to adverse employment action. More specifically, Plaintiff was subjected to adverse employment action after she engaged in statutorily protected activity.

57.   The adverse employment action was taken because of Plaintiff's engagement in statutorily protected activity. More specifically, Plaintiff's engagement in protected activity was a motivating factor of the adverse employment action.

58.   In taking adverse employment action against Plaintiff because of her engagement in statutorily protected activity, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, and privileges of her employment.

59.   By and through the acts alleged, Defendant intentionally discriminated against Plaintiff for engaging in statutorily protected activity under the DCHRA.

60.   As a proximate result of the aforementioned intentional retaliatory acts of Defendant, through its employees and/or agents, Plaintiff has suffered damages as alleged more specifically in paragraph 45.

61. The aforementioned intentional retaliatory acts of Defendant, through its employees and/or agents, gives rise to a cause of action under the DC Human Rights Act (DCHRA) of 1977. In particular, the DCHRA prohibits employers from taking adverse employment action against its employees in retaliation for their engagement in statutorily protected activity under the DCHRA.

62. Defendant is liable for the actions of its managers and supervisors.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

63. Declare that Defendant's actions violated Plaintiff's rights under the Human Rights Act to be free from unlawful discrimination;

64. Award Plaintiff compensatory damages for lost wages, pain and suffering, loss of health insurance coverage in an amount to be determined by the jury by trial in excess of $10,000.00;

65. Award Plaintiff full back pay and benefits;

66. Award Plaintiff punitive damages;

67. Award Plaintiff reasonable attorney's fees and the costs of this action;

68. Award Plaintiff pre- and post-judgement interest as may be permitted by law; and

69. Award Plaintiff any other and further relief that the court considers proper.

## JURY REQUESTED

Plaintiff demands a trial by jury on all issues in this case so triable.

Dated: June 29, 2023

Respectfully submitted,

*/s/ Reshad Favors* _____
Reshad Favors, Esq.
Burns Sheppard Favors, PLLC

80 M Street SE, Suite 100
Washington, DC 20005
(202) 508-8249
reshad@bsflegal.com

*Counsel for Plaintiff*



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**500 Indiana Avenue, NW, Washington, DC 20001**
**(202) 879-1010 | www.dccourts.gov**

**Case Caption:** Mischa Smith v. No Labels

**Case Number:** 2023-CAB-003887

### Notice to Court
(Praecipe)

The Clerk of said Court will please:

☑ Enter my appearance for <u>No Labels</u> in the above-mentioned case.

☐ Update the record in this case to reflect my correct/new address. My correct/new address is:

_____          _____
Street Address                              City and State

_____          _____
Apartment/Suite/Unit Number              Zip Code

☐ Other: _____

_____

_____

_____

_____

_____

| Plaintiff / Petitioner or Attorney Name: (Print Name) | Defendant / Respondent or Attorney Name: (Print Name)<br><br>Gregory J. Ossi |
|---|---|
| Address: | Address:<br>1500 K Street, N.W., Ste 1100<br>Washington, DC 20005 |
| Signature: | Signature: |
| Email Address: | Email Address:<br>gregory.ossi@faegredrinker.com |
| Telephone Number: | Attorney Bar Number: | Telephone Number:<br>202-230-5393 | Attorney Bar Number:<br>460243 |

eFiled
07/28/2023 11:44:40 AM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| MISCHA SMITH | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2023-CAB-003887 |
| | ) | |
| v. | ) | Judge Yvonne M. Williams |
| | ) | |
| NO LABELS | ) | Next Court Date: Remote Initial Scheduling |
| | ) | Conference, September 29, 2023 |
| Defendant. | ) | |
| | ) | |

## ANSWER TO COMPLAINT

Subject to the affirmative defenses set forth below, and without waiver of any rights, privileges, or defenses, Defendant No Labels, through counsel, hereby submits its Answer to Plaintiff Mischa Smith's ("Plaintiff") Complaint.

Each numbered response in this Answer is made subject to the following limitations as if fully set forth herein.

First, to the extent the Complaint attempts to characterize documents, No Labels responds generally that such documents speak for themselves and incorporates by reference this response in each numbered response below as if fully set forth therein.

Second, where No Labels states it lacks knowledge or information sufficient to form a belief about the truth of certain allegations, No Labels reserves the right to argue that the allegation is true or false based on the evidence.

Third, where No Labels admits an allegation on information and belief, No Labels reserves the right to argue the allegation is true or false based on any additional information obtained in discovery.

## BACKGROUND

1. No Labels admits the allegations in Paragraph 1 of the Complaint.

2. No Labels admits the allegations in Paragraph 2 of the Complaint on information and belief.

3. No Labels admits the allegations in Paragraph 3 of the Complaint.

4. No Labels admits the allegations in Paragraph 4 of the Complaint.

5. No Labels admits the allegations in Paragraph 5 of the Complaint.

6. No Labels admits that Plaintiff alleges actions of which some occurred in the District of Columbia, but denies many of the allegations and denies that it acted unlawfully.

## JURISDICTION AND VENUE

7. No Labels admits the allegations in Paragraph 7 of the Complaint.

8. No Labels admits the jurisdictional allegations of Paragraph 8 of the Complaint but denies that it acted unlawfully.

9. No Labels admits the allegations in Paragraph 9 of the Complaint.

10. No Labels admits that venue is appropriate in this Court, that its place of business is in the District of Columbia, and that many of the alleged actions occurred in the District of Columbia. No Labels denies the remaining allegations in Paragraph 10 of the Complaint and denies that it acted unlawfully.

## ADMINISTRATIVE TOLLING

11. No Labels admits the allegations in Paragraph 11 of the Complaint.

12. No Labels admits that on June 23, 2023 the D.C. Office of Human Rights ("OHR") provided Plaintiff a Notice of Right to Sue after Plaintiff submitted a written request to withdraw her complaint that she filed with the OHR.

13. No Labels admits that certain of Plaintiff's claims have been tolled during the pendency of her charge with the D.C. OHR, but denies that all allegation in the Complaint are timely.

## FACTUAL ALLEGATIONS

14. No Labels admits that Plaintiff was hired as an Outreach Manager on or about August 16, 2021. No Labels denies the remaining allegations in Paragraph 14 of the Complaint.

15. No Labels admits that Plaintiff's duties included involvement in citizen calls and the citizen leader pipeline. No Labels denies the remaining allegations in Paragraph 15 of the Complaint.

16. No Labels denies the allegations in Paragraph 16 of the Complaint.

17. No Labels admits that upon beginning her employment Plaintiff requested to work from Colorado rather than from Washington D.C. No Labels denies that Plaintiff was granted any official "accommodation" and denies any remaining allegations in Paragraph 17 of the Complaint.

18. No Labels admits that during her employment Plaintiff notified the company that she planned to run for local office, and that her position was adjusted based on this notification. No Labels denies the remaining allegations in Paragraph 18 of the Complaint.

19. No Labels admits that several months after the conclusion of her local primary election Plaintiff requested she be reinstated to full-time employment, and that she ultimately remained a contract worker. No Labels denies the remaining allegations in Paragraph 19 of the Complaint.

20. No Labels denies the allegations in Paragraph 20 of the Complaint.

21. No Labels admits that on or around August 10, 2022 Jacobson requested that Plaintiff assist with diversity recruitment efforts, including African American recruits. No Labels denies the remaining allegations in Paragraph 21 of the Complaint.

3

22. No Labels admits that there were discussions with Plaintiff regarding the possibility of Plaintiff taking on certain responsibilities previously handled by Drew.  No Labels denies the remaining allegations in Paragraph 22 of the Complaint.

23. No Labels lacks knowledge or information sufficient to form a belief regarding Plaintiff's thoughts or feelings.  No Labels admits that Plaintiff requested a pay increase and asked about metrics and expectations in or around August of 2022.  No Labels denies the remaining allegations in Paragraph 23 of the Complaint.

24. No Labels admits that in or around August 2022 Plaintiff was told the organization would re-visit her duties and salary in approximately a month's time.  No Labels denies the remaining allegations in Paragraph 24 of the Complaint.

25. No Labels lacks knowledge or information sufficient to form a belief regarding Plaintiff's thoughts or feelings.  No Labels denies the remaining allegations in Paragraph 25 of the Complaint.

26. No Labels admits that Plaintiff was asked to track her time once she obtained access to the tracking application.  No Labels denies the remaining allegations of Paragraph 26 of the Complaint.

27. No Labels lacks knowledge or information sufficient to form a belief regarding Plaintiff's thoughts or feelings.  No Labels admits that in September 2022 Plaintiff was asked to attend the Forward Party's convention on September 24, 2022 in Houston, Texas.  No Labels denies the remaining allegations in Paragraph 27 of the Complaint.

28. No Labels admits that in September 2022 Plaintiff was asked to take ownership for certain aspects of No Labels' involvement at the conference including recruiting volunteers to attend, managing the RSVPs for the No Labels event, and coordinating the cookie delivery from a local bakery.  No Labels denies the remaining allegations in Paragraph 28 of the Complaint.

29. No Labels denies the allegations in Paragraph 29 of the Complaint.

30. No Labels admits that Plaintiff was asked to better track her activities and show what work she was doing each day.  No Labels denies the remaining allegations in Paragraph 30 of the Complaint.

31. No Labels admits that Plaintiff was counseled regarding the time she spent responding to emails and her inability to attend all meetings, and that Shannon and Morrison expressed concern when Plaintiff expressed that she was unable to devote her full time to No Labels because she had other clients.  No Labels denies the remaining allegations in Paragraph 31 of the Complaint.

32. No Labels denies the allegations in Paragraph 32 of the Complaint.

33. No Labels denies the allegations in Paragraph 33 of the Complaint.

34. No Labels denies the allegations in Paragraph 34 of the Complaint.

35. No Labels denies the allegations in Paragraph 35 of the Complaint.

36. No Labels denies the allegations in Paragraph 36 of the Complaint.

37. No Labels admits that on or about September 26, 2022 Plaintiff was asked to meet with Vielot and Morrison near the end of the day.  No Labels further states that when Plaintiff expressed an interest in having the meeting earlier in the day, Vielot and Morrison called her as requested.  No Labels denies any remaining allegations in Paragraph 37 of the Complaint.

38. No Labels denies the allegations in Paragraph 38 of the Complaint.

## COUNT ONE

### (Race Discrimination)

39. No Labels re-alleges and incorporates by reference each and every response to Paragraphs 1 to 38 above, as if fully set forth herein.

40. No Labels denies the allegations in Paragraph 40 of the Complaint.

41. No Labels denies the allegations in Paragraph 41 of the Complaint.

42. No Labels denies the allegations in Paragraph 42 of the Complaint.

43. No Labels denies the allegations in Paragraph 43 of the Complaint.

44. No Labels denies the allegations in Paragraph 44 of the Complaint.

45. No Labels denies the allegations in Paragraph 45 of the Complaint.

46. No Labels denies the allegations in Paragraph 46 of the Complaint.

47. No Labels denies the allegations in Paragraph 47 of the Complaint.

48. No Labels denies the allegations in Paragraph 48 of the Complaint.

## COUNT TWO

### (Retaliation)

49. No Labels re-alleges and incorporates by reference each and every response to Paragraphs 1 to 38 above, as if fully set forth herein.

50. No Labels admits the allegations in Paragraph 50 of the Complaint.

51. No Labels admits the allegations in Paragraph 51 of the Complaint.

52. No Labels denies the allegations in Paragraph 52 of the Complaint.

53. No Labels denies the allegations in Paragraph 53 of the Complaint.

54. No Labels denies the allegations in Paragraph 54 of the Complaint.

55. No Labels denies the allegations in Paragraph 55 of the Complaint.

56. No Labels denies the allegations in Paragraph 56 of the Complaint.

57. No Labels denies the allegations in Paragraph 57 of the Complaint.

58. No Labels denies the allegations in Paragraph 58 of the Complaint.

59. No Labels denies the allegations in Paragraph 59 of the Complaint.

60. No Labels denies the allegations in Paragraph 60 of the Complaint.

61. No Labels admits that the DCHRA prohibits employers from taking adverse employment actions against its employees in retaliation for their engagement in statutorily protected activity. No Labels denies the remaining allegations in Paragraph 61 of the Complaint.

62. No Labels denies the allegations in Paragraph 62 of the Complaint.

## PRAYER FOR RELIEF

63. No Labels admits that Plaintiff seeks the relief described in Paragraph 63 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

64. No Labels admits that Plaintiff seeks the relief described in Paragraph 64 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

65. No Labels admits that Plaintiff seeks the relief described in Paragraph 65 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

66. No Labels admits that Plaintiff seeks the relief described in Paragraph 66 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

67. No Labels admits that Plaintiff seeks the relief described in Paragraph 67 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

68. No Labels admits that Plaintiff seeks the relief described in Paragraph 68 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

69. No Labels admits that Plaintiff seeks the relief described in Paragraph 69 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

Additionally, No Labels admits that Plaintiff has requested a trial by jury in an unnumbered paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

No Labels, based on the facts and information known to date and subject to amendment following further investigation of the facts and proceedings in this action, and without waiver of any rights, privileges, or defenses, states its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  All actions taken by No Labels with respect to Plaintiff were based upon legitimate, non-discriminatory reasons, and no unlawful factor motivated No Labels in its decision-making regarding Plaintiff's contract.

3.  No Labels applied its policies, procedures, and practices without regard to Plaintiff's race or any complaint.

4.  Plaintiff was originally hired as a full-time Outreach Manager on August 16, 2021.  At the time, Plaintiff's primary job responsibility was expected to be fundraising.

5.  During her time as an Outreach Manager, the local team she worked closely with found that she was difficult to work with, not responsive, and often struggled with basic tasks.

6.  Regardless of her performance issues, when Plaintiff notified her supervisor in December 2021 that she planned to run for local office, No Labels agreed to work with her in an effort to help her be successful in the organization.  For a variety of legal, ethical and avoidance of conflict reasons – such as access to certain fundraising lists – and the comfort of the local team, Plaintiff could no longer carry on in a fundraising capacity.  Accordingly, on or about February 1, 2022 she was converted to an independent contractor.

7.   In her new role, Plaintiff was given specific, measurable tasks: (1) Recruit 100 volunteers monthly who commit to working 2 hours weekly; (2) Produce an end of the month report showing all volunteers committed and their activity; (3) Build the No Labels Facebook Ambassadors group by 30-50 new people weekly.

8.   Despite these concrete goals, Plaintiff continued to fail to meet No Labels' legitimate expectations.  Though she was expected to support and build teams as outlined in her contract, she was not sufficiently responsive, failed to recruit attendees for meetings, and even failed to attend many of the meetings she set up.

9.   After losing her election in June of 2022, Plaintiff failed to alert No Labels.  No Labels inadvertently learned in August of 2022 that she had lost her election.  No Labels expected Plaintiff would then have more time to dedicate to her job, improve her performance and take on additional duties.

10. Plaintiff wanted to revisit her contract agreement prior to assuming additional duties. Because the organization was not able to identify what work she had been completing, Plaintiff and No Labels agreed to revisit her contract in approximately one month after Plaintiff successfully used the activities tracker.

11. In or around September 2022, Plaintiff was expected to attend a convention in Houston Texas.  She was asked to spearhead three specific, simple tasks for No Labels' involvement at the conference: (1) including recruiting volunteers to attend, (2) managing the RSVPs for No Labels' after party, and (3) coordinating the cookie delivery from a local bakery for the after party.  However, Plaintiff did not successfully complete these simple tasks.  In fact, the conference was expected to begin at approximately 1pm, and Plaintiff's flight, that she scheduled herself, was not even scheduled to land until almost 3pm, and she had not scheduled the cookie

delivery to the appropriate location.  Ultimately, she did not arrive at the conference until after 4:30pm, and left almost an hour early from the after party to catch a flight (again, that she had scheduled herself).

12. As a result of Plaintiff's continued unsatisfactory performance, No Labels made the decision to terminate Plaintiff's contract.

## SECOND AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate Plaintiff's alleged damages. Additionally, No Labels is entitled to a set-off (in full or in part) from any potential monetary liability in an amount equal to the sums earned by Plaintiff since Plaintiff left No Labels or which Plaintiff could have earned had Plaintiff exercised reasonable diligence and undertaken adequate efforts to mitigate Plaintiff's alleged damages.

## THIRD AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  Plaintiff's claims for damages are barred, in whole or in part, to the extent damages for multiple claims are duplicative.

## FOURTH AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  To the extent any allegation falls outside of the applicable statute of limitations, Plaintiff's claims regarding that allegation are barred.

No Labels specifically reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development of this case.

WHEREFORE, No Labels denies all liability and denies Plaintiff has sustained any damages as a result of No Labels' alleged acts or omissions, and requests that this Court enter judgment in its favor and against Plaintiff, including awarding No Labels its costs.

Dated: July 28, 2023                              Respectfully submitted,

                                                  /s/ *Gregory J. Ossi*
                                                  Gregory J. Ossi (#460243)
                                                  gregory.ossi@faegredrinker.com
                                                  FAEGRE DRINKER BIDDLE & REATH LLP
                                                  1500 K Street, N.W., Ste. 1100
                                                  Washington, DC 20005
                                                  Telephone: (202) 230-5393
                                                  Facsimile: (202) 842-8465

                                                  **ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

ATTORNEY FOR DEFENDANT

eFiled
07/28/2023 11:47:29 AM
Superior Court
of the District of Columbia

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | |
|---|---|
| MISCHA SMITH | ) |
| | ) |
| Plaintiff, | ) Case No.: 2023-CAB-003887 |
| | ) |
| v. | ) Judge Yvonne M. Williams |
| | ) |
| NO LABELS | ) Next Court Date: Remote Initial Scheduling |
| | ) Conference, September 29, 2023 |
| Defendant. | ) |
| | ) |

## NO LABELS' RULE 7.1 DISCLOSURE STATEMENT

Defendant No Labels, by and through its undersigned counsel and pursuant to D.C.

Superior Court Civil Rule 7.1, provides the following notification of affiliates:

No Labels has no parent corporation and no publicly held corporation owns 10% or more

of No Labels stock.

Dated: July 28, 2023                    Respectfully submitted,

/s/ Gregory J. Ossi
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

ATTORNEY FOR DEFENDANT

2

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | |
|---|---|
| MISCHA SMITH | ) |
| 5279 Water Dipper Rd., | ) |
| Colorado Springs, CO 80911 | ) |
| **Plaintiff,** | ) |
| | )          2023-CAB-003887 |
| **v.** | ) **Case No.:** _____ |
| | ) **Jury Requested** |
| NO LABELS | ) |
| 1130 Connecticut Ave. NW, Suite 325 | ) |
| Washington, DC 20036 | ) |
| **Defendant.** | ) |
| _____ | ) |

## COMPLAINT

**COMES NOW,** Plaintiff MISCHA SMITH (hereinafter "Plaintiff"), by and through her

undersigned counsel, and files this, her Complaint against Defendant, NO LABELS (hereinafter

"Defendant"), and says:

## BACKGROUND

1.    Jurisdiction of this Court is proper pursuant to D.C. Code §§ 11-921 (Civil

Jurisdiction) & 13-423.

2.    At all times material hereto, the Plaintiff, MISCHA SMITH, was and is a resident

of COLORADO.

3.    Plaintiff is a black female.

4.    At all times material hereto, the Defendant, NO LABELS, was and is a not-for-

profit corporation operating in WASHINGTON DC.

5.    Defendant is an employer within the meaning of the Human Rights Act, D.C. Code

2-1401.02(10).

1

6.   The factual allegations occurred in the District of Columbia.

## JURISDICTION AND VENUE

7.   Pursuant to the Human Rights Act, D.C. Code§ 2-1403.16, this Court has subject matter jurisdiction over this civil action because this action is being brought within the one-year tolled statute of limitations period set out in the Human Rights Act.

8.   Pursuant to D.C. Code§ 11-921, this Court has subject matter jurisdiction over this civil action because all claims are based on violations of the laws of the District of Columbia.

9.   Pursuant to D.C. Code§ 13-423, this Court has personal jurisdiction over Defendant because Defendant conducts business in the District of Columbia.

10.   Venue is appropriate because Defendant's place of business is in the District of Columbia, Plaintiff worked in the District of Columbia, and Defendant's actions occurred in the District of Columbia.

## ADMINISTRATIVE TOLLING

11.   On February 6, 2023, Plaintiff filed a charge of discrimination with the D.C. Office of Human Rights.

12.   On June 23, 2023, the D.C. Office of Human Rights ("OHR") provided Plaintiff a Notice of Right to Sue.

13.   Plaintiff's claims under the Human Rights Act have been tolled during the pendency of her charge with the D.C. OHR.

## FACTUAL ALLEGATIONS

14.   Since August 16, 2022, Plaintiff had been employed by Defendant. She was hired as an Outreach Manager.

2

15.   Plaintiff's duties included, but were not limited to, the following: managing all citizen calls and confirmations, developing and controlling the citizen leader pipeline, and setting/managing weekly staff meetings on the 2024 project.

16.   Throughout her employment with Defendant, Plaintiff consistently performed her duties at a satisfactory level, often going above and beyond of her regular responsibilities when opportunities to assist departments and increase employee morale presented themselves.

17.   Upon beginning her employment, Plaintiff requested an accommodation to work remotely, which Defendant granted.

18.   In December 2021, Plaintiff ran for local office in her community and reached out to Defendant for its approval. In response, Defendant revoked Plaintiff's fundraising capabilities, moved her to digital team and requested that she become a contract employee, citing alleged intellectual property concerns.

19.   On June 28, 2022, following the conclusion of her local primary election, Plaintiff contacted Defendant's head of Human Resources ("HR"), Sarah Vielot ("Vielot"), to request consideration for full-time reinstatement. However, Vielot explained that Defendant found it preferable to keep Plaintiff as a contractor.

20.   Around June 15, 2022, Plaintiff found herself being chastised by Cynthia Drew ("Drew"), Vice President, for missing metrics due to her attendance at a family funeral. Despite this, Plaintiff had already previously explained that at her contract capacity and bereavement, she was doing the best she could and was meeting her metrics.

3

21.  On August 11, 2022, Plaintiff was asked to find diversity, explicitly Black people, to work for Defendant by CEO, Nancy Jacobson ("Jacobson"). Jacobson did not ask any other similarly situated white employees to complete this task.

22.  In the week of August 12, 2022, Plaintiff was approached her Megan Shannon ("Shannon") and Vielot about Plaintiff taking over the role of Drew, who had decided to depart the team.

23.  Plaintiff was nervous about this opportunity due to Defendant's habit of hiring and quickly firing other staffers when they were unable to meet the new, often unattainable standards. Accordingly, Plaintiff requested a pay increase and tangible metrics/expectations before she would discuss the matter further, as she did not want to become another casualty of the company. Vielot stated that she could not offer that to Plaintiff.

24.  The following Monday, August 19, Jacobson said in one month's time, she and Plaintiff would revisit the position, Plaintiff's duties, and her salary, and that in the event that this did not work for either Plaintiff or Defendant, she would even give Plaintiff a month to make an easier transition. Following that conversation, Plaintiff agreed to try the new position.

25.  Upon beginning to work in her new position, Plaintiff found that the work began to seem insurmountable nearly immediately. Every person assigned to train her pushed work on her plate with little to no instruction. As she fought to keep up with the work, more was piled on.

26.  Defendant requested that Plaintiff begin to track her time, however during her first week she was unable to do so because Defendant did not grant her access. Plaintiff worked no less than 50 hours per week during every week in which she had the position.

4

27.  On September 7, 2022, Shannon asked Plaintiff if she would be interested in attending the Forward Party's convention in Houston Texas on 9/24/22. Plaintiff reluctantly agreed after taking some time to think, as she knew that her refusal would not be taken lightly.

28.  On September 12, Sam Brooks ("Brooks") asked for a meeting with Plaintiff to discuss the convention in Houston and essentially handed the project over to her. At the meeting, Plaintiff was asked to do the following: 1) organize the volunteers that would be attending; 2) send email invites to a list of around 9,000 individuals requesting their attendance at the after party; and 3) coordinate a cookie order from Dog Tag Bakery to arrive at the hotel which would be bought to the venue by her other coworkers.

29.  On September 15, 2022, Plaintiff was instructed to get volunteer help for Rep. Jared Golden via Defendant's online supporters list. It was explained that due to Defendant's non-profit 501C(4) status, it could not keep lists for the campaign, but needed to send a mass email out, collect the names, and one at a time forward these names to the campaign. By virtue of what was being asked for, Defendant would be breaking the law by collecting the names and "having a list".

30.  On September 19, 2022, Plaintiff began getting calls from Liz Morrison ("Morrison") requesting receipts for her work, as she expressed some distrust as to whether Plaintiff was indeed doing the work. Plaintiff sent receipts to Morrison and coordinated to get all items caught up.

31.  On September 22, 2022, Plaintiff received a request for a meeting with Shannon and Morrison, during which both expressed that they were not pleased with her email

responses taking up to 24 hours, her inability to be attend all meetings, and concern at Plaintiff seeming overwhelmed.

32. Plaintiff, in response to Shannon and Morrison's concerns, explained that she was overwhelmed as a result of the entire citizen program being placed upon her. She expressed that she was distressed due to working over 50 hours per week, was concerned about the legality of coordinating with the Golden campaign, was upset that she, the only Black female on staff (one of two in the entire organization), was tasked with recruitment of minorities, and Defendant's refusal to pay her for these additional tasks.

33. During her September 22, 2022 meeting with Shannon and Morrison, Plaintiff complained about race discrimination by stating that she felt that she was being treated differently than her similarly situated coworkers who were not black.

34. On September 24, 2022, Plaintiff arrived in Houston, Texas, and was immediately asked for her estimated time of arrival by Brooks, as well as where the cookies were. When Plaintiff told Brooks that the cookies were sent to the hotel, as the two had already discussed, Brooks began gaslighting her, stating that this had not been discussed and that she would need to acquire the cookies before she was "welcome" at the event.

35. Plaintiff got the cookies and arrived at the venue – which was 8 minutes away – and Brooks continued to make jokes at Plaintiff's expense, while Holly Page ("Page") chastised Plaintiff, telling her to get to work, while the rest of Plaintiff's white coworkers sat at the table.

36. Plaintiff joined her team at the reception, where she continued to be given menial work that the other white coworkers were not.

37. On September 26, 2022, Plaintiff was sent a Teams Message from Veilot requesting to meet with Plaintiff at the end of the day with Morrison. However, Veilot ended up calling Plaintiff and looping in Morrison.

38. Morrison immediately asserted that Plaintiff was "lucky" that Defendant had worked with Plaintiff's accommodations at the start of her time with them, but that her contract would be terminated that day.

## COUNT ONE
(Race Discrimination)

39. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 38 above, as if fully set forth herein.

40. Throughout her employment, Plaintiff possessed the skills and background necessary to perform the duties of her position. As such, Plaintiff was qualified for her position.

41. During her employment, Defendant, through its employees and/or agents, treated Plaintiff differently and less favorably from similarly situated employees of a different race. The disparate treatment of Plaintiff included, but was not limited to, the following: giving Plaintiff menial work while the rest of her white coworkers sat at the table; tasking Plaintiff, one of Defendant's only black employees, with the recruitment of minorities; terminating Plaintiff's employment.

42. The discriminatory actions of Defendant, when considered individually or collectively, constitute an adverse employment action for purposes of the DC Human Rights Act of 1977. More specifically, the actions constitute an ultimate employment decision, altered the compensation, terms, conditions, or privileges of Plaintiff's employment, and/or

7

adversely affected Plaintiff's status as an employee. Accordingly, the aforementioned disparate treatment constitutes an adverse employment action within the meaning of the DC Human Rights Act of 1977.

43. The adverse employment actions were taken because of Plaintiff's race. In particular, Plaintiff's race played a motivating factor in the adverse employment actions.

44. In subjecting Plaintiff to adverse employment action on the basis of her race, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, or privileges of her employment.

45. As proximate result of the aforementioned intentional discriminatory acts committed by Defendant, by and through its agents and/or employees, Plaintiff has suffered damages, including, but not limited to, the following: lost wages, income, and employment benefits; emotional pain, suffering, mental anguish, loss of enjoyment of life, and dignitary injury; and costs, including attorney's fees, in pursuing redress for the deprivation of her civil rights.

46. The aforementioned intentional discriminatory acts of Defendant, through its employees and/or agents, gives rise of a cause of action under the DC Human Rights Act of 1977. More specifically, the DC Human Rights Act of 1977 forbids discrimination against any employee on the basis of that employee's race with respect to the compensation, terms, conditions, or privileges of that employee's employment.

47. Defendant's actions have exposed it to liability under the DC Human Rights Act (DCHRA) of 1977 for discrimination.

48. Defendant is liable for the actions of its managers and supervisors.

**COUNT TWO**

(Retaliation)

49. Plaintiff re-alleges and incorporates by reference each and every allegation in paragraphs 1 to 38 above, as if fully set forth herein.

50. The DC Human Rights Act (DCHRA) of 1977 prohibits employers, such as Defendant, from taking adverse employment action against its employees in retaliation for their engagement in statutorily protected activity under the DCHRA.

51. As an employee of Defendant, Plaintiff was protected against retaliatory adverse employment action for engaging in statutorily protected activity under the DCHRA. More specifically, Plaintiff was protected against retaliatory adverse employment action for requesting opposing discrimination to her employer. Additionally, Plaintiff was protected against retaliation in employment decisions for opposing discrimination in her workplace.

52. Plaintiff engaged in protected activity by complaining about the way she was being treated by her employer. More specifically, Plaintiff engaged in protected activity by complaining to Shannon and Morrison on September 22, 2022 about Defendant's discriminatory treatment of her.

53. In opposing discrimination, Plaintiff sought to defend her civil rights to be free from discriminatory treatment in the workplace. As such, Plaintiff engaged in statutorily protected activity within the meaning of The DC Human Rights Act (DCHRA).

54. In response to Plaintiff's statutorily protected activity, Defendant, through its employees and/or agents, adopted a pattern of subjecting Plaintiff to a series of retaliatory employment actions, including, but not limited to, the following: terminating Plaintiff's employment.

55.  These reprisals were a materially adverse employment action in that such actions, whether considered individually or collectively, constituted an ultimate employment decision, altered the terms, conditions, or privileges of Plaintiff's employment, and/or adversely affected Plaintiff's status as an employee. Further, Defendant's retaliatory acts were reasonably likely to deter employees from engaging in statutorily protected activity. Accordingly, Defendant's retaliatory acts constitute adverse employment action for the purposes of the DCHRA.

56.  Defendant, by and through its employees and/or agents, were aware of Plaintiff's statutorily protected activity when it subjected her to adverse employment action. More specifically, Plaintiff was subjected to adverse employment action after she engaged in statutorily protected activity.

57.  The adverse employment action was taken because of Plaintiff's engagement in statutorily protected activity. More specifically, Plaintiff's engagement in protected activity was a motivating factor of the adverse employment action.

58.  In taking adverse employment action against Plaintiff because of her engagement in statutorily protected activity, Defendant intentionally discriminated against Plaintiff with respect to the compensation, terms, conditions, and privileges of her employment.

59.  By and through the acts alleged, Defendant intentionally discriminated against Plaintiff for engaging in statutorily protected activity under the DCHRA.

60.  As a proximate result of the aforementioned intentional retaliatory acts of Defendant, through its employees and/or agents, Plaintiff has suffered damages as alleged more specifically in paragraph 45.

61. The aforementioned intentional retaliatory acts of Defendant, through its employees and/or agents, gives rise to a cause of action under the DC Human Rights Act (DCHRA) of 1977. In particular, the DCHRA prohibits employers from taking adverse employment action against its employees in retaliation for their engagement in statutorily protected activity under the DCHRA.

62. Defendant is liable for the actions of its managers and supervisors.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

63. Declare that Defendant's actions violated Plaintiff's rights under the Human Rights Act to be free from unlawful discrimination;

64. Award Plaintiff compensatory damages for lost wages, pain and suffering, loss of health insurance coverage in an amount to be determined by the jury by trial in excess of $10,000.00;

65. Award Plaintiff full back pay and benefits;

66. Award Plaintiff punitive damages;

67. Award Plaintiff reasonable attorney's fees and the costs of this action;

68. Award Plaintiff pre- and post-judgement interest as may be permitted by law; and

69. Award Plaintiff any other and further relief that the court considers proper.

## JURY REQUESTED

Plaintiff demands a trial by jury on all issues in this case so triable.

Dated: June 29, 2023

Respectfully submitted,

*/s/ Reshad Favors*
Reshad Favors, Esq.
Burns Sheppard Favors, PLLC

11

80 M Street SE, Suite 100
Washington, DC 20005
(202) 508-8249
reshad@bsflegal.com

*Counsel for Plaintiff*



**Superior Court of the District of Columbia**
**Civil - Civil Actions Branch**
**500 Indiana Ave NW, Room 5000, Washington DC 20001**
**(202) 879-1133 | www.dccourts.gov**

**Case Number:** 2023-CAB-003887

**Case Caption:** Mischa Smith v. No Labels

### INITIAL ORDER

| Initial Hearing Date: | Initial Hearing Time: | Courtroom Location: |
|---|---|---|
| Friday, 09/29/2023 | 9:30 AM | Remote Courtroom 212 |
| **Please see attached instructions for remote participation.** | | |
| Your case is assigned to Associate Judge Yvonne Williams. | | |

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("Super. Ct. Civ. R.") 40-I, it is hereby ORDERED as follows:

1) This case is assigned to the judge and calendar designated above. All future filings in this case shall bear the calendar number and judge's name along with the case number in the caption.

2) Within 60 days of the filing of the complaint, plaintiff must file proof of service on each defendant of copies of the summons, the complaint, and this Initial Order. The court will dismiss the claims against any defendant for whom such proof of service has not been filed by this deadline, unless the court extended the time for service under Rule 4.

3) Within 21 days of service (unless otherwise provided in Rule 12), each defendant must respond to the complaint by filing an answer or other responsive pleading. The court may enter a default and a default judgment against any defendant who does not meet this deadline, unless the court extended the deadline under Rule 55(a).

4) At the time stated below, all counsel and unrepresented parties shall participate in a hearing to establish a schedule and discuss the possibilities of settlement. Counsel shall discuss with their clients before the hearing whether the clients are agreeable to binding or non-binding arbitration. This order is the only notice that parties and counsel will receive concerning this hearing.

5) If the date or time is inconvenient for any party or counsel, the Civil Actions Branch may continue the Conference once, with the consent of all parties, to either of the two succeeding days when the calendar is called. To reschedule the hearing, a party or lawyer may call the Branch at (202) 879-1133. Any such request must be made at least seven business days before the scheduled date. No other continuance will be granted except upon motion for good cause shown.

6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Anita M. Josey-Herring

**To Join by Computer, Tablet, or Smartphone:**

1) Copy and Paste or Type the link into a web browser and enter the Webex Meeting ID listed below.

    Link: dccourts.webex.com/meet/ctb212

    Meeting ID: 129 440 9070

2) When you are ready, click "Join Meeting".

3) You will be placed in the lobby until the courtroom clerk gives you access to the hearing.

**Or to Join by Phone:**

1) Call 202-860-2110 (local) or 844-992-4726 (toll-free)

2) Enter the Webex Meeting ID listed above followed by "##"

**Resources and Contact Information:**

1) For best practices on how to participate in Webex Meetings, click here https://www.webex.com/learn/best-practices.html.

2) For technical issues or questions, call the Information Technology Division at 202-879-1928 and select option 2.

3) For case questions, call the Civil Actions Branch Clerk's Office at (202) 879-1133.

## ACCESSIBILITY AND LANGUAGE ACCESS

**Persons with Disabilities:**

If you have a disability as defined by the American Disabilities Act (ADA) and you require an accommodation, please call 202-879-1700 or email ADACoordinator@dcsc.gov . The D.C. Courts does not provide transportation service.

**Interpreting and Translation Services:**

The D.C. Courts offers free language access services to people having business with the court who are deaf or who are non-English speakers. Parties to a case may request free translations of court orders and other court documents. To ask for an interpreter or translation, please contact the Clerk's Office listed for your case. For more information, visit https://www.dccourts.gov/language-access.

**Servicios de interpretación y traducción:**

Los Tribunales del Distrito de Columbia ofrecen servicios gratuitos de acceso al idioma a las personas sordas o que no hablan inglés que tienen asuntos que atender en el tribunal. Las partes de un caso pueden solicitar traducciones gratuitas de las órdenes judiciales y otros documentos del tribunal. Para solicitar un intérprete o una traducción, póngase en contacto con la Secretaría de su caso.

Para más información, visite https://www.dccourts.gov/language-access.

El acceso al idioma es importante para los Tribunales del Distrito de Columbia. Puede dar su opinión sobre los servicios de idiomas visitando https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access.

**የቃልና የጽሑፍ ትርጓሜ አገልግሎቶች:**

የዲሲ ፍርድ ቤቶች መስማት ለተሳናቸውና የእንግሊዝኛ ቋንቋ ተናጋሪ ላልሆኑ በፍርድ ቤቱ ጉዳይ ለላቸው ሰዎች ነጻ የቋንቋ ተደራሽነት አገልግሎቶች ያቀርባል። ተከራካሪ ወገኖች የፍርድ ቤት ትእዛዞችና ሌሎች የፍርድ ቤት ሰነዶች በነጻ እንዲተረጎሙላቸው መጠየቅ ይችላሉ። የቃል ወይም የጽሑፍ ትርጓሜ ለመጠየቅ እባክዎን በመዝገብዎ የተዘረዘረውን የጸሀፊ ቢሮ (ክለርክ'ስ አፊስ) ያናግሩ። ለተጨማሪ መረጃ https://www.dccourts.gov/language-access ይጎብኙ።

የቋንቋ ተደራሽነት ለዲ.ሲ. ፍርድ ቤቶች አስፈላጊ ነው። የቋንቋ አገልግሎቶች በተመለከተ አስተያየትዎን https://www.dccourts.gov/services/information-and-resources/interpreting-services#language-access በመጎብኘት መስጠት ይችላሉ።

# Tips for Attending Remote Hearings - Civil Division

*Your court hearing may be held remotely. This means that you will participate by phone or by video conference instead of coming to the courthouse. Here are some tips on how to prepare.*

## How do I know if I have a remote hearing?

The Court will contact you to tell you that your hearing is remote. They may contact you by sending you an email, letter in the mail, or by calling you. 

## How do I take part in a remote hearing?

The Court will give you step-by-step instructions on how to take part in the remote hearing.

If you lose your written notice, call the Civil Actions Clerk's Office for instructions at:

 202-879-1133

## Is there anything that I should do before the day of the hearing?

- Let the court know immediately if you cannot join a hearing because you do not have a phone or computer.

  Civil Actions Clerk's Office: 202-879-1133

- You may want to contact an attorney for legal help.
- You can also find the list of legal services providers at dccourts.gov/coronavirus by clicking on the link that says, "List of Legal Service Providers for Those Without an Attorney."
- Evidence: if you want the judge to review photos or documents, ask the judge how to submit your evidence.
- Witnesses: tell the judge if you want a witness to testify at your hearing.
- Accommodations & Language Access: let the court know if you need an interpreter or other accommodation for your hearing.

## Tips for the Hearing



- Join the hearing a few minutes early!
- Charge your computer or phone and make sure you have enough minutes to join the call. Find a private and quiet space. If possible, be alone in a room during the hearing. Try to limit distractions as much as possible. If others are in the room with you, ask if they can be quiet during the hearing.
- Mute your microphone when you are not talking. Mute all sounds on your phone or computer.
- Say your name before you speak so the record is clear. Be prepared to identify your role in the hearing (e.g., observer, plaintiff, defendant, witness, etc.).
- Speak slowly and clearly so everyone hears what you are saying.
- Pause before speaking in case there is a lag. Use a headset or headphones if you can. This will free up your hands and sound better.
- Try not to talk over anyone else. Only one person can speak at a time. If you talk while someone else is talking, the judge will not be able to hear you.
- Have all your documents for the hearing in front of you. Have a pen and paper to take notes.
- If you are not ready for your hearing or want to speak with an attorney, you can ask the judge to postpone your hearing for another date.
- If your sound or video freezes during the hearing, use the chat feature or call the Clerk's Office to let them know that you are having technical issues.

## Special Tips for Video Hearings
### (Click here for more information)



- Download the court's hearing software, WebEx, in advance and do a test run! The Court will provide you with a WebEx link in advance of the hearing.
- Set up the camera at eye level. If you are using your phone, prop it up so you can look at it without holding it.
- Look at the camera when you speak and avoid moving around on the video.
- Wear what you would normally wear to court.
- Sit in a well-lit room with no bright lights behind you.
- If possible, find a blank wall to sit in front of. Remember the judge will be able to see everything on your screen, so pick a location that is not distracting.




# District of Columbia Courts

# Tips for Using DC Courts Remote

The DC Courts have **remote hearing sites** available in various locations in the community to help persons who may not have computer devices or internet service at home to participate in scheduled remote hearings.  The Courts are committed to enhancing access to justice for all.

There are six remote access sites throughout the community which will operate: **Monday – Friday, 8:30 am – 4:00 pm.**

### The remote site locations are:



| **Remote Site - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Remote Site - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
|---|---|
| **Remote Site - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Remote Site - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Remote Site - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Remote Site - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*** No walk-ins at this location*** |

If you want to use a remote site location for your hearing, call **202-879-1900** or email DCCourtsRemoteSites@dcsc.gov **at least 24 hours before your hearing to reserve a remote access computer station**.  If you require special accommodations such as an interpreter for your hearing, please call **202-879-1900 at least 24 hours in advance of your hearing so the Courts can make arrangements**.

**\*You should bring the following items when you come to your scheduled site location\***

1. Your **case number** and any **hyperlinks** provided by the Courts for your scheduled hearing.
2. Any documents you need for the hearing (evidence), including exhibits, receipts, photos, contracts, etc.
3. Materials for notetaking, including pen and paper.

**\*Safety and security measures are in place at the remote sites.**

**Contact information to schedule your remote access computer station:**
Call:  **202-879-1900**
Email:  DCCourtsRemoteSites@dcsc.gov




# Tribunales del Distrito de Columbia
## Consejos para usar los sitios de audiencia remota de los Tribunales de DC

Los Tribunales de DC disponen de **sitios de audiencia remota** en distintos centros de la comunidad para ayudar a que las personas que no tienen dispositivos informáticos o servicio de Internet en su casa puedan participar en audiencias remotas programadas. Los Tribunales honran el compromiso de mejorar el acceso de toda la población a la justicia.

En toda la comunidad hay seis sitios de acceso remoto que funcionarán de **lunes a viernes, de 8:30 am a 4:00 pm**.

### Los centros de acceso remoto son:

| | |
|---|---|
| **Sitio Remoto - 1**<br>Balance and Restorative Justice Center<br>1215 South Capitol Street, SW<br>Washington, DC 20003 | **Sitio Remoto - 4**<br>Balance and Restorative Justice Center<br>920 Rhode Island Avenue, NE<br>Washington, DC 20018 |
| **Sitio Remoto - 2**<br>Balance and Restorative Justice Center<br>1110 V Street, SE<br>Washington, DC 20020 | **Sitio Remoto - 5**<br>Reeves Center<br>2000 14th Street, NW, 2nd Floor<br>Community Room<br>Washington, DC 20009 |
| **Sitio Remoto - 3**<br>Balance and Restorative Justice Center<br>118 Q Street, NE<br>Washington, DC 20002 | **Sitio Remoto - 6**<br>Reeves Center<br>2000 14th Street, NW, Suite 300N<br>Office of the Tenant Advocate<br>Washington, DC 20009<br>*No se puede entrar sin cita previa* |



Si desea usar un sitio remoto para su audiencia, llame al **202-879-1900** o envíe un mensaje de correo electrónico a DCCourtsRemoteSites@dcsc.gov al menos **24 horas antes de la audiencia, para reservar una estación de computadora de acceso remoto. Si** necesita adaptaciones especiales, como un intérprete para la audiencia, llame al **202-879-1900 al menos 24 horas antes de la audiencia para que los Tribunales puedan hacer los arreglos necesarios.**

**\*Cuando concurra al sitio programado debe llevar los siguientes artículos\***

1. Su **número de caso** y todos los **hipervínculos** que le hayan proporcionado los Tribunales para la audiencia programada.
2. Cualquier documento que necesite para la audiencia (prueba), incluidos documentos probatorios, recibos, fotos, contratos, etc.
3. Materiales para tomar nota, como papel y lápiz.

**\*Los sitios de acceso remoto cuentan con medidas de seguridad y protección.**

**Información de contacto para programar su estación de computadora de acceso remoto:**
Teléfono: **202-879-1900**
Correo electrónico: DCCourtsRemoteSites@dcsc.gov

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**Civil Actions Branch**
**500 Indiana Avenue, N.W., Suite 5000 Washington, D.C. 20001**
**Telephone: (202) 879-1133 Website: www.dccourts.gov**

Mischa Smith

_____
Plaintiff

vs.

Case Number   2023- CAB- 003887

No Labels

_____
Defendant

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty one (21) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within seven (7) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

**Reshad D. Favors, Esq.**
_____
Name of Plaintiff's Attorney

**80 M Street S.E., Suite 100**
_____
Address
Washington, DC 20003

**(202) 508-8249**
_____
Telephone

_Clerk of the Court_

By _____
Deputy Clerk

Date _____   **July 3, 2023**

如需翻译，请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202)879-4828로 전화주십시오.    የትርጉም እርዳታ ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

CV-3110 [Rev. June 2017]                                                                 Super. Ct. Civ. R. 4




**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
**DIVISIÓN CIVIL**
**Sección de Acciones Civiles**
500 Indiana Avenue, N.W., Suite 5000, Washington, D.C. 20001
Teléfono: (202) 879-1133 Sitio web: www.dccourts.gov

Mischa Smith
_____
                                    Demandante

                    contra

                                                      Número de Caso:  2023-CAB-003887
No Labels
_____
                                    Demandado

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veintiún (21) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días, contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que usted le entregue al demandante una copia de la Contestación o en el plazo de siete (7) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

Reshad D. Favors, Esq.
_____          *SECRETARIO DEL TRIBUNAL*
Nombre del abogado del Demandante

80 M Street S.E., Suite 100
_____          Por: _____
Dirección                                                          Subsecretario
Washington, DC 20003
_____

(202) 508-8249
_____          Fecha _____
Teléfono

如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828

만약에 번역을 원하시면 (202) 879-4828 로 전화주십시요      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍA RETENÉRSELE SUS INGRESOS, O PODRÍA TOMÁRSELE SUS BIENES PERSONALES O BIENES RAÍCES Y SER VENDIDOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede pagarle a uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse sobre otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CV-3110 [Rev. June 2017]                                                                      Super. Ct. Civ. R. 4

eFiled
07/14/2023 2:57:11 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
(Civil Division)

| | | |
|---|---|---|
| MISCHA SMITH | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:** 2023-CAB-003887 |
| | ) | |
| NO LABELS | ) | |
| **Defendant.** | ) | |
| _____ | ) | **Date:** July 14, 2023 |

## NOTICE OF PROOF OF SERVICE

     **I HEREBY CERTIFY** that a copy of the Summons and Complaint for case number 2023-CAB-003887 was served pursuant to Rule 4 of the Federal Rules of Civil Procedure on July 10, 2023 via process server upon Liz Morrison, a person authorized to accept service, at 1130 Connecticut Ave NW #325, Washington, DC 20036 as defendant No Labels. *See* Exhibit A (Proof of Service).

 

Respectfully submitted,

By:    */s/ Reshad D. Favors*
           Reshad D. Favors, Esq.
           DC Bar No. 1034316
           Burns Sheppard Favors, PLLC
           1100 15th Street NW
           Washington, DC 20005
           (202) 508-8249
           reshad@bsflegal.com
           *Counsel for Plaintiff*

July 14, 2023

# EXHIBIT A

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

**MISCHA SMITH**

Plaintiff/Petitioner

vs.

**NO LABELS**

Defendant/Respondent

Cause No.:   **2023-CAB-003887**

Hearing Date:

AFFIDAVIT OF SERVICE OF
SUMMONS; COMPLAINT

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **10th day of July, 2023** at 3:29 PM at the address of **1130 Connecticut Avenue Northwest suite 325, Washington, DC 20036**; this affiant served the above described documents upon **No Labels** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Liz Morrison, I delivered the documents to Liz Morrison who identified themselves as the Co-Executive Director with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a red-headed white female contact 45-55 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

**Davonne Coleman**

Residing or doing business at:   **9705 Dale Drive, Upper Marlboro, MD 20772**

Subscribed and sworn to before me this _11_ day of _July_, 20_23_.

Notary Public / Deputy Clerk

_02-15-2025_
My commission expires

**ELSIE MARIE DILLARD**
Notary Public
Prince George's County
Maryland
My Commission Expires Feb. 15, 2025

REF:  **REF-13157001**

 

Tracking #: **0109982265**

IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

FILED
CIVIL DIVISION

JUL 2 1 2023

Superior Court of the
District of Columbia

| | |
|---|---|
| MISCHA SMITH | Cause No.:   **2023-CAB-003887** |
| Plaintiff/Petitioner | Hearing Date: |
| vs. | |
| **NO LABELS** | AFFIDAVIT OF SERVICE OF |
| Defendant/Respondent | SUMMONS; COMPLAINT |

The undersigned, being first duly sworn, on oath deposes and says: That s(he) is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen, not an officer of a plaintiff corporation, not a party to nor interested in the above entitled action, has the authority to serve pleadings in the State named below, and is competent to be a witness therein.

On the **10th day of July, 2023** at 3:29 PM at the address of **1130 Connecticut Avenue Northwest suite 325, Washington, DC 20036**; this affiant served the above described documents upon **No Labels** by then and there personally delivering **1** true and correct copy(ies) thereof, by then presenting to and leaving the same with **Liz Morrison. I delivered the documents to Liz Morrison who identified themselves as the Co-Executive Director with identity confirmed by subject stating their name. The individual accepted service with direct delivery. The individual appeared to be a red-headed white female contact 45-55 years of age, 5'6"-5'8" tall and weighing 160-180 lbs.**

No information was provided or discovered that indicates that the subjects served are members of the U.S. military.

_Davonne Coleman_

**Davonne Coleman**

Residing or doing business at:   **9705 Dale Drive, Upper Marlboro, MD 20772**

Subscribed and sworn to before me this ___11___ day of ___July___, 20_23_.

_Elsie Marie Dillard_
Notary Public / Deputy Clerk

___02-15-2025___
My commission expires

ELSIE MARIE DILLARD
Notary Public
Prince George's County
Maryland
My Commission Expires Feb. 15, 2025

REF:  **REF-13157001**.

PAGE 1 OF 1
ORIGINAL AFFIDAVIT OF
SERVICE

 

Tracking #: **0109982265**

# FILING  

109982266

PARTNER Seattle Support

*ABC INTERNAL USE - MAIL TO:*

**DC-Superior Court District of Columbia**
500 Indiana AVe NW
Washington, DC 20001

## TO THE CLERK OF COURT

- **File the attached documents.**

- **Return in prepaid envelope** *(if attached)* **or place in ABC box for pickup.**

- **Have an idea on how we can make things easier for you?**
  **Email us at <u>courtsupport@abclegal.com</u>.**

 **DOCUMENTS**

Proof of Service (TN: 0109982265)

---

CUSTOMER **Burns Sheppard Favors**
REF **REF-13157001**
COURT **DC-Superior Court District of Columbia**
CASE# **2023-CAB-003887**
TITLE **MISCHA SMITH vs. NO LABELS**

**Need help?**
1-888-294-0383
abclegal.com

07/14/2023

eFiled
07/28/2023 11:44:40 AM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | | |
|---|---|---|
| MISCHA SMITH | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 2023-CAB-003887 |
| | ) | |
| v. | ) | Judge Yvonne M. Williams |
| | ) | |
| NO LABELS | ) | Next Court Date: Remote Initial Scheduling |
| | ) | Conference, September 29, 2023 |
| Defendant. | ) | |
| | ) | |

## ANSWER TO COMPLAINT

Subject to the affirmative defenses set forth below, and without waiver of any rights, privileges, or defenses, Defendant No Labels, through counsel, hereby submits its Answer to Plaintiff Mischa Smith's ("Plaintiff") Complaint.

Each numbered response in this Answer is made subject to the following limitations as if fully set forth herein.

First, to the extent the Complaint attempts to characterize documents, No Labels responds generally that such documents speak for themselves and incorporates by reference this response in each numbered response below as if fully set forth therein.

Second, where No Labels states it lacks knowledge or information sufficient to form a belief about the truth of certain allegations, No Labels reserves the right to argue that the allegation is true or false based on the evidence.

Third, where No Labels admits an allegation on information and belief, No Labels reserves the right to argue the allegation is true or false based on any additional information obtained in discovery.

## BACKGROUND

1. No Labels admits the allegations in Paragraph 1 of the Complaint.

2. No Labels admits the allegations in Paragraph 2 of the Complaint on information and belief.

3. No Labels admits the allegations in Paragraph 3 of the Complaint.

4. No Labels admits the allegations in Paragraph 4 of the Complaint.

5. No Labels admits the allegations in Paragraph 5 of the Complaint.

6. No Labels admits that Plaintiff alleges actions of which some occurred in the District of Columbia, but denies many of the allegations and denies that it acted unlawfully.

## JURISDICTION AND VENUE

7. No Labels admits the allegations in Paragraph 7 of the Complaint.

8. No Labels admits the jurisdictional allegations of Paragraph 8 of the Complaint but denies that it acted unlawfully.

9. No Labels admits the allegations in Paragraph 9 of the Complaint.

10. No Labels admits that venue is appropriate in this Court, that its place of business is in the District of Columbia, and that many of the alleged actions occurred in the District of Columbia.  No Labels denies the remaining allegations in Paragraph 10 of the Complaint and denies that it acted unlawfully.

## ADMINISTRATIVE TOLLING

11. No Labels admits the allegations in Paragraph 11 of the Complaint.

12. No Labels admits that on June 23, 2023 the D.C. Office of Human Rights ("OHR") provided Plaintiff a Notice of Right to Sue after Plaintiff submitted a written request to withdraw her complaint that she filed with the OHR.

2

13. No Labels admits that certain of Plaintiff's claims have been tolled during the pendency of her charge with the D.C. OHR, but denies that all allegation in the Complaint are timely.

## FACTUAL ALLEGATIONS

14. No Labels admits that Plaintiff was hired as an Outreach Manager on or about August 16, 2021. No Labels denies the remaining allegations in Paragraph 14 of the Complaint.

15. No Labels admits that Plaintiff's duties included involvement in citizen calls and the citizen leader pipeline. No Labels denies the remaining allegations in Paragraph 15 of the Complaint.

16. No Labels denies the allegations in Paragraph 16 of the Complaint.

17. No Labels admits that upon beginning her employment Plaintiff requested to work from Colorado rather than from Washington D.C. No Labels denies that Plaintiff was granted any official "accommodation" and denies any remaining allegations in Paragraph 17 of the Complaint.

18. No Labels admits that during her employment Plaintiff notified the company that she planned to run for local office, and that her position was adjusted based on this notification. No Labels denies the remaining allegations in Paragraph 18 of the Complaint.

19. No Labels admits that several months after the conclusion of her local primary election Plaintiff requested she be reinstated to full-time employment, and that she ultimately remained a contract worker. No Labels denies the remaining allegations in Paragraph 19 of the Complaint.

20. No Labels denies the allegations in Paragraph 20 of the Complaint.

21. No Labels admits that on or around August 10, 2022 Jacobson requested that Plaintiff assist with diversity recruitment efforts, including African American recruits. No Labels denies the remaining allegations in Paragraph 21 of the Complaint.

3

22. No Labels admits that there were discussions with Plaintiff regarding the possibility of Plaintiff taking on certain responsibilities previously handled by Drew.  No Labels denies the remaining allegations in Paragraph 22 of the Complaint.

23. No Labels lacks knowledge or information sufficient to form a belief regarding Plaintiff's thoughts or feelings.  No Labels admits that Plaintiff requested a pay increase and asked about metrics and expectations in or around August of 2022.  No Labels denies the remaining allegations in Paragraph 23 of the Complaint.

24. No Labels admits that in or around August 2022 Plaintiff was told the organization would re-visit her duties and salary in approximately a month's time.  No Labels denies the remaining allegations in Paragraph 24 of the Complaint.

25. No Labels lacks knowledge or information sufficient to form a belief regarding Plaintiff's thoughts or feelings.  No Labels denies the remaining allegations in Paragraph 25 of the Complaint.

26. No Labels admits that Plaintiff was asked to track her time once she obtained access to the tracking application.  No Labels denies the remaining allegations of Paragraph 26 of the Complaint.

27. No Labels lacks knowledge or information sufficient to form a belief regarding Plaintiff's thoughts or feelings.  No Labels admits that in September 2022 Plaintiff was asked to attend the Forward Party's convention on September 24, 2022 in Houston, Texas.  No Labels denies the remaining allegations in Paragraph 27 of the Complaint.

28. No Labels admits that in September 2022 Plaintiff was asked to take ownership for certain aspects of No Labels' involvement at the conference including recruiting volunteers to attend, managing the RSVPs for the No Labels event, and coordinating the cookie delivery from a local bakery. No Labels denies the remaining allegations in Paragraph 28 of the Complaint.

29. No Labels denies the allegations in Paragraph 29 of the Complaint.

30. No Labels admits that Plaintiff was asked to better track her activities and show what work she was doing each day. No Labels denies the remaining allegations in Paragraph 30 of the Complaint.

31. No Labels admits that Plaintiff was counseled regarding the time she spent responding to emails and her inability to attend all meetings, and that Shannon and Morrison expressed concern when Plaintiff expressed that she was unable to devote her full time to No Labels because she had other clients. No Labels denies the remaining allegations in Paragraph 31 of the Complaint.

32. No Labels denies the allegations in Paragraph 32 of the Complaint.

33. No Labels denies the allegations in Paragraph 33 of the Complaint.

34. No Labels denies the allegations in Paragraph 34 of the Complaint.

35. No Labels denies the allegations in Paragraph 35 of the Complaint.

36. No Labels denies the allegations in Paragraph 36 of the Complaint.

37. No Labels admits that on or about September 26, 2022 Plaintiff was asked to meet with Vielot and Morrison near the end of the day. No Labels further states that when Plaintiff expressed an interest in having the meeting earlier in the day, Vielot and Morrison called her as requested. No Labels denies any remaining allegations in Paragraph 37 of the Complaint.

38. No Labels denies the allegations in Paragraph 38 of the Complaint.

## COUNT ONE

### (Race Discrimination)

39. No Labels re-alleges and incorporates by reference each and every response to Paragraphs 1 to 38 above, as if fully set forth herein.

40. No Labels denies the allegations in Paragraph 40 of the Complaint.

41. No Labels denies the allegations in Paragraph 41 of the Complaint.

42. No Labels denies the allegations in Paragraph 42 of the Complaint.

43. No Labels denies the allegations in Paragraph 43 of the Complaint.

44. No Labels denies the allegations in Paragraph 44 of the Complaint.

45. No Labels denies the allegations in Paragraph 45 of the Complaint.

46. No Labels denies the allegations in Paragraph 46 of the Complaint.

47. No Labels denies the allegations in Paragraph 47 of the Complaint.

48. No Labels denies the allegations in Paragraph 48 of the Complaint.

## COUNT TWO

### (Retaliation)

49. No Labels re-alleges and incorporates by reference each and every response to Paragraphs 1 to 38 above, as if fully set forth herein.

50. No Labels admits the allegations in Paragraph 50 of the Complaint.

51. No Labels admits the allegations in Paragraph 51 of the Complaint.

52. No Labels denies the allegations in Paragraph 52 of the Complaint.

53. No Labels denies the allegations in Paragraph 53 of the Complaint.

54. No Labels denies the allegations in Paragraph 54 of the Complaint.

55. No Labels denies the allegations in Paragraph 55 of the Complaint.

56. No Labels denies the allegations in Paragraph 56 of the Complaint.

57. No Labels denies the allegations in Paragraph 57 of the Complaint.

58. No Labels denies the allegations in Paragraph 58 of the Complaint.

59. No Labels denies the allegations in Paragraph 59 of the Complaint.

60. No Labels denies the allegations in Paragraph 60 of the Complaint.

61. No Labels admits that the DCHRA prohibits employers from taking adverse employment actions against its employees in retaliation for their engagement in statutorily protected activity. No Labels denies the remaining allegations in Paragraph 61 of the Complaint.

62. No Labels denies the allegations in Paragraph 62 of the Complaint.

**<u>PRAYER FOR RELIEF</u>**

63. No Labels admits that Plaintiff seeks the relief described in Paragraph 63 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

64. No Labels admits that Plaintiff seeks the relief described in Paragraph 64 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

65. No Labels admits that Plaintiff seeks the relief described in Paragraph 65 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

66. No Labels admits that Plaintiff seeks the relief described in Paragraph 66 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

67. No Labels admits that Plaintiff seeks the relief described in Paragraph 67 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

68. No Labels admits that Plaintiff seeks the relief described in Paragraph 68 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

69. No Labels admits that Plaintiff seeks the relief described in Paragraph 69 of the Complaint, but denies that Plaintiff is entitled to such relief and denies that it acted unlawfully.

Additionally, No Labels admits that Plaintiff has requested a trial by jury in an unnumbered paragraph of the Complaint.

## AFFIRMATIVE DEFENSES

No Labels, based on the facts and information known to date and subject to amendment following further investigation of the facts and proceedings in this action, and without waiver of any rights, privileges, or defenses, states its affirmative defenses as follows:

## FIRST AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  All actions taken by No Labels with respect to Plaintiff were based upon legitimate, non-discriminatory reasons, and no unlawful factor motivated No Labels in its decision-making regarding Plaintiff's contract.

3.  No Labels applied its policies, procedures, and practices without regard to Plaintiff's race or any complaint.

4.  Plaintiff was originally hired as a full-time Outreach Manager on August 16, 2021.  At the time, Plaintiff's primary job responsibility was expected to be fundraising.

5.  During her time as an Outreach Manager, the local team she worked closely with found that she was difficult to work with, not responsive, and often struggled with basic tasks.

6.  Regardless of her performance issues, when Plaintiff notified her supervisor in December 2021 that she planned to run for local office, No Labels agreed to work with her in an effort to help her be successful in the organization.  For a variety of legal, ethical and avoidance of conflict reasons – such as access to certain fundraising lists – and the comfort of the local team, Plaintiff could no longer carry on in a fundraising capacity.  Accordingly, on or about February 1, 2022 she was converted to an independent contractor.

7.   In her new role, Plaintiff was given specific, measurable tasks: (1) Recruit 100 volunteers monthly who commit to working 2 hours weekly; (2) Produce an end of the month report showing all volunteers committed and their activity; (3) Build the No Labels Facebook Ambassadors group by 30-50 new people weekly.

8.   Despite these concrete goals, Plaintiff continued to fail to meet No Labels' legitimate expectations.  Though she was expected to support and build teams as outlined in her contract, she was not sufficiently responsive, failed to recruit attendees for meetings, and even failed to attend many of the meetings she set up.

9.   After losing her election in June of 2022, Plaintiff failed to alert No Labels.  No Labels inadvertently learned in August of 2022 that she had lost her election.  No Labels expected Plaintiff would then have more time to dedicate to her job, improve her performance and take on additional duties.

10. Plaintiff wanted to revisit her contract agreement prior to assuming additional duties.  Because the organization was not able to identify what work she had been completing, Plaintiff and No Labels agreed to revisit her contract in approximately one month after Plaintiff successfully used the activities tracker.

11. In or around September 2022, Plaintiff was expected to attend a convention in Houston Texas.  She was asked to spearhead three specific, simple tasks for No Labels' involvement at the conference: (1) including recruiting volunteers to attend, (2) managing the RSVPs for No Labels' after party, and (3) coordinating the cookie delivery from a local bakery for the after party.  However, Plaintiff did not successfully complete these simple tasks.  In fact, the conference was expected to begin at approximately 1pm, and Plaintiff's flight, that she scheduled herself, was not even scheduled to land until almost 3pm, and she had not scheduled the cookie

delivery to the appropriate location.  Ultimately, she did not arrive at the conference until after 4:30pm, and left almost an hour early from the after party to catch a flight (again, that she had scheduled herself).

12. As a result of Plaintiff's continued unsatisfactory performance, No Labels made the decision to terminate Plaintiff's contract.

## SECOND AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  Plaintiff's claims for damages are barred, in whole or in part, because Plaintiff failed to mitigate Plaintiff's alleged damages. Additionally, No Labels is entitled to a set-off (in full or in part) from any potential monetary liability in an amount equal to the sums earned by Plaintiff since Plaintiff left No Labels or which Plaintiff could have earned had Plaintiff exercised reasonable diligence and undertaken adequate efforts to mitigate Plaintiff's alleged damages.

## THIRD AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  Plaintiff's claims for damages are barred, in whole or in part, to the extent damages for multiple claims are duplicative.

## FOURTH AFFIRMATIVE DEFENSE

1.  No Labels incorporates by reference its responses to Plaintiff's allegations in this Complaint.

2.  To the extent any allegation falls outside of the applicable statute of limitations, Plaintiff's claims regarding that allegation are barred.

No Labels specifically reserves the right to raise such additional defenses as may appear appropriate following further discovery and factual development of this case.

WHEREFORE, No Labels denies all liability and denies Plaintiff has sustained any damages as a result of No Labels' alleged acts or omissions, and requests that this Court enter judgment in its favor and against Plaintiff, including awarding No Labels its costs.

Dated: July 28, 2023

Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

ATTORNEY FOR DEFENDANT

eFiled
07/28/2023 11:47:29 AM
Superior Court
of the District of Columbia

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
### (Civil Division)

| | |
|---|---|
| MISCHA SMITH | ) |
| | ) |
| Plaintiff, | ) Case No.: 2023-CAB-003887 |
| | ) |
| v. | ) Judge Yvonne M. Williams |
| | ) |
| NO LABELS | ) Next Court Date: Remote Initial Scheduling |
| | ) Conference, September 29, 2023 |
| Defendant. | ) |
| | ) |

### NO LABELS' RULE 7.1 DISCLOSURE STATEMENT

Defendant No Labels, by and through its undersigned counsel and pursuant to D.C.

Superior Court Civil Rule 7.1, provides the following notification of affiliates:

No Labels has no parent corporation and no publicly held corporation owns 10% or more

of No Labels stock.

Dated: July 28, 2023                    Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2023, a copy of the foregoing document was filed electronically with the Clerk of the Court, which will send notification of such filing to all counsel of record.

Respectfully submitted,

/s/ *Gregory J. Ossi*
Gregory J. Ossi (#460243)
gregory.ossi@faegredrinker.com
FAEGRE DRINKER BIDDLE & REATH LLP
1500 K Street, N.W., Ste. 1100
Washington, DC 20005
Telephone: (202) 230-5393
Facsimile: (202) 842-8465

**ATTORNEY FOR DEFENDANT**

2



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**500 Indiana Avenue, NW, Washington, DC 20001**
**(202) 879-1010 | www.dccourts.gov**

**Case Caption:** Mischa Smith v. No Labels        **Case Number:** 2023-CAB-003887

**Notice to Court**
(Praecipe)

The Clerk of said Court will please:

☑ Enter my appearance for  No Labels                              in the above-mentioned case.

☐ Update the record in this case to reflect my correct/new address. My correct/new address is:

_____               _____
Street Address                                         City and State

_____               _____
Apartment/Suite/Unit Number                           Zip Code

☐ Other: _____

_____

_____

_____

_____

_____

| Plaintiff / Petitioner or Attorney Name: (Print Name) | Defendant / Respondent or Attorney Name: (Print Name) Gregory J. Ossi |
|---|---|
| Address: | Address: 1500 K Street, N.W., Ste 1100 Washington, DC 20005 |
| Signature: | Signature: *[signature]* |
| Email Address: | Email Address: gregory.ossi@faegredrinker.com |
| Telephone Number: | Attorney Bar Number: | Telephone Number: 202-230-5393 | Attorney Bar Number: 460243 |